FILED IN CHAMBERS
U.S.D.C. Rome

OCT 14 2011

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| BOOSTER ENTERPRISES, INC., | ) | |
| | ) | CIVIL ACTION FILE |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | NO. 1:11-cv-01957-RLV |
| ALL STAR FUN RUN, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**CONSENT FINAL JUDGMENT AND ORDER FOR
PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF**

This matter comes before the Court on the parties' Consent Motion for entry of Consent Final Judgment and Order for Permanent Injunction and Other Equitable Relief ("Consent Judgment") disposing of this action. It appearing that the parties have reached a settlement of all matters in dispute in this action without trial or adjudication of any issue of law or fact herein and without Defendant admitting the truth of, or liability for, any of the matters alleged in the Complaint, and that, as part of such settlement, the parties, through their counsel of record, consent and agree to the entry of this Consent Judgment, which shall constitute a final Order in this action.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS

1. The Court has jurisdiction over the subject matter of the case and over defendant All Star Fun Run, LLC.

2. Venue as to this action and the Defendant in the Northern District of Georgia is proper under 28 U.S.C. § 1391(b) & (c).

3. On June 15, 2011, Plaintiff filed its Complaint in this action alleging claims for federal and common law trademark infringement, false designation of origin or sponsorship, false advertising, and trade dress infringement pursuant to the Lanham Act, deceptive trade practices, unfair competition, and violation of the Digital Millennium Copyright Act.

4. Among the intellectual property that Plaintiff seeks to protect in this action is a trademark logo which features a large, red five pointed star device (the "Boosterthon Star Logo"), that is the subject of U.S. Registration No. 3653155 shown below:



5.      Plaintiff also asserts intellectual property rights in the design plus word elements of its "Boosterthon All-Star Jerseys" which students who participate in the Boosterthon Fun Run program wear during "fun runs." A photograph of the Boosterthon All-Star Jersey is shown below:



6.      Defendant was served with the Summons and Complaint on July 7, 2011, and on July 28, 2011 appeared through its counsel of record to extend the time to answer or otherwise respond to the Complaint in order to finalize a settlement.

7.      Defendant makes no admissions to, and denies, the allegations in the Complaint, other than the jurisdictional facts. Further, this Consent Judgment shall

not be competent evidence in any judicial or other proceeding of any liability or wrongdoing by Defendant.

8. The settlement of this dispute is fair, reasonable, and just.

9. The parties understand and agree that any violation of any term of this Consent Judgment shall give rise to the available contempt remedies and penalties.

## ORDER

### I. PARTIES BOUND

This Consent Judgment shall apply to and be binding upon Plaintiff and Defendant and their successors. Unless by operation of law, no change or changes in the ownership or corporate status or other legal status of the Defendant, including, but not limited to, any transfer of assets or of real or personal property, shall in any way alter the Defendant's responsibilities under this Consent Judgment. Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Consent Judgment are binding upon Defendant All Star Fun Run, LLC, and its officers, agents, servants, representatives, employees, attorneys, and all other persons or entities in active concert or participation with them, who receive actual notice of this order by personal service or otherwise.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS HEREBY ORDERED** that Defendant All Star Fun Run, LLC and all other persons or entities within the scope of Fed. R. Civ. P. 65 acting in concert or participation with it, whether acting directly or through any person or entity, are hereby permanently enjoined and restrained from, or assisting others from:

   (1)   using access codes or passwords to enter any websites of Plaintiff;

   (2)   copying any content, images, logos, color schemes, credits, testimonials, endorsements, or other visual or textual material from any Internet websites, or marketing, advertising or promotional literature, or other fundraising related materials of Plaintiff;

   (3)   using any testimonials or endorsements in any electronic media (*e.g.*, an Internet website) or print media (*e.g.*, fundraising event literature, brochures) from any purported customer or user of Defendant's services until after such time as Defendant is able to support them from having guided schools or their PTAs/PTOs through an actual "fun run" event;

   (4)   after June 30, 2012, using the trade name All Star Fun Run, LLC or any other trade name that includes the words "all star";

(5) after June 30, 2012, using the words "all star" or the depiction of a "star" as part of any logo, advertising, marketing, promotion, or other materials and things (*e.g.*, tee shirts);.

(6) after June 30, 2012, using the Internet domain name www.allstarfunrun.com or any other domain name that includes the words "all star".

### III. OTHER CONDUCT ORDERED

**IT IS FURTHER ORDERED THAT** Defendant shall:

(1) Within five (5) days of entry of this Order on the Court's docket, deliver to Plaintiff's counsel of record all copies of any screen shot, screen capture, screen dump, screen grab, print screen, or other images (in electronic and print format) regardless of their current location that were obtained by Defendant or on its behalf through use of any access code(s) or passwords on any website of Plaintiff.

(2) Within fourteen (14) calendar days of the entry of this Order, Defendant shall deliver copies of this Order to all of its officers and directors, and to all managers and employees who have responsibility directly or indirectly for any matters covered by this Order, and maintain a record of recipients to whom the Order has been distributed.

(3) At any time, if Defendant learns of any past or future violations of this Order, the Defendant shall, within fourteen (14) days after such knowledge is obtained or sooner if feasible, take appropriate action to terminate or modify the activity so as to comply with this Order.

## IV. WAIVERS AND RELEASES

(1) Defendant waives and releases: (a) all rights to seek appellate review or otherwise challenge or contest the validity of this Consent Judgment; and (b) any claim that Defendant may have against the Plaintiff, its employees, representatives, or agents, or that relate to the matters alleged in the Complaint or stated herein.

(2) This Order constitutes a complete settlement and release by the Plaintiff of all claims asserted, or that could have been asserted, in its Complaint against Defendant, its employees, representatives, or agents, which are dismissed with prejudice, subject to any claim against Defendant arising out of any violation of this Order.

## V. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purpose of construction, modification, and enforcement of this Consent Judgment and the separate Settlement Agreement reached by the parties.

## VI. PUBLIC RECORD

**IT IS FURTHER ORDERED** that this Consent Judgment shall be a matter of public record.

## VII. COSTS AND ATTORNEY'S FEES

**IT IS FURTHER ORDERED** that each party shall bear its own costs and attorney's fees incurred in connection with this action.

## VIII. NOTICE OF ENTRY OF ORDER

**IT IS FURTHER ORDERED** that entry in the docket of this Order by the Clerk of Court shall constitute notice to Defendant of the terms and conditions of this Order, and that Defendant waives all rights to contest in any future proceeding whether Defendant was properly served with the Order.

## IX. GOVERNING LAW

This Order shall be governed by the law of the State of Georgia.

## X. DEFENDANT'S REVIEW AND APPROVAL OF ORDER

Defendant acknowledges that it has thoroughly reviewed this Consent Judgment with its attorneys, that it understands and agrees to its terms, and that it agrees that it shall be entered as the Order of this Court.

**IT IS SO ORDERED** this __14th__ day of October, 2011.

*[signature]*
The Honorable Robert L. Vining, Jr.
United States District Judge
Northern District of Georgia

PRESENTED AND CONSENTED TO BY:

| /s/ John M. Bowler | /s/ Ronald T. Coleman, Jr. |
|---|---|
| John M. Bowler | Ronald T. Coleman Jr. |
| Georgia Bar No. 071770 | Georgia Bar No. 177655 |
| john.bowler@troutmansanders.com | rcoleman@phrd.com |
| Michael D. Hobbs, Jr. | PARKER HUDSON RAINER & DOBBS |
| Georgia Bar No. 360158 | 1500 Marquis Two Tower |
| michael.hobbs@troutmansanders.com | 285 Peachtree Center Ave, N.E. |
| TROUTMAN SANDERS LLP | Atlanta, Georgia 30303 |
| Suite 5200, Bank of America Plaza | (404) 523-5300 (Phone) |
| 600 Peachtree Street, N.E. | (404) 522-8409 (Fax) |
| Atlanta, GA 30308-2216 | |
| (404) 885-3190 (Phone) | |
| (404) 962-6513 (Fax) | |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANT |

2319043.1